IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CR-30148-DWD-5 |
| | ) |
| RICHARD STARK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendant Richard Stark, proceeding *pro se*, has filed a letter in this case that the Court will construe as a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Commission Guidelines. (Doc. 504). Stark states that he was told about a "two-point reduction" in his sentencing and asks the Court to consider reducing his sentence accordingly. The Government opposes the motion. (Doc. 506). For the reasons set forth below, the motion is **DENIED**.

On March 29, 2022, Defendant Stark pled guilty to one count for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and one count for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii). (Doc. 126). Prior to sentencing, a Presentence Investigation Report submitted by the Office of Probation found Stark to have a total criminal history score of 14, a criminal history category of VI and a resulting Guideline imprisonment range of 292 to 365 months. (Doc. 153). Pursuant to the applicable

guidelines at that time, two of the points included in Stark's total criminal history score were given because Stark committed the offense while on parole. (Doc. 153, pg. 12).

On July 26, 2022, the undersigned sentenced Stark to a total term of imprisonment of 292 months. (Doc. 168). The Court later reduced Stark's sentence to 195 months. (Doc. 437). Defendant Stark filed the instant, two-sentence motion on August 26, 2025, asking the Court to consider reducing his sentence because he was "told by someone" during his incarceration about a "two-point reduction off their sentence" that can result in a reduced sentence. (Doc. 504).

Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Amendment 821 of the United States Sentencing Commission Guidelines amended U.S.S.G. § 4A1.1 to add one point instead of two to the defendant's criminal history score when the defendant "committed the offense while under any criminal justice sentence."

Upon review of the record and the legal authorities, the Court **FINDS** Defendant cannot benefit from § 3582(c)(2) and Amendment 821 (Part A). As noted by the Government, Defendant's criminal history points would be reduced under those provisions from 14 to 13, but he would still be subject to the criminal history category of VI. (Doc. 506, pg. 4). By extension, Defendant's guideline sentencing range would be unchanged. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized

under 18 U.S.C. § 3582(c)(2) if… [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

In short, Defendant's sentence was within the guideline sentencing range when it was issued and § 3582(c)(2) and Amendment 821 do not affect the calculation of that range. Therefore, Defendant is not entitled to a sentence reduction, so his Motion is **DENIED**.

**SO ORDERED.**

Dated: January 20, 2026

/s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge